UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CARLOS MOTAVELEZ, | ) |
| Plaintiff, | ) |
| v. | ) No.: 1:16-CV-508-TAV-CHS |
| OFFICER BYRD, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

**I.    Screening Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(A), 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. Allegations of the Complaint

In his complaint, Plaintiff states that Defendant Officer Byrd had an argument with one of his cellmates [Doc. 2 p. 5]. Plaintiff further alleges that, since this argument, he has been able to feel tension with Defendant and that Defendant has been harassing the whole cell and looking for any reason to "start crap against all of [them]" [*Id.*]. Plaintiff specifically asserts that on one occasion the night before he drafted the complaint, Defendant brought them razors and told them that "she should not even want to give [them] ra[z]ors for the rac[i]st comments [they] make," though Plaintiff states that they had not made bad comments [*Id.*]. Plaintiff further alleges that Defendant told Plaintiff and his cellmates that they "need to pray because [they] have the devil inside [them]" [*Id.*]. Plaintiff claims that this statement offends him, that he and his cellmates

2

have been praying for as long as he has been in the jail, and that they have never been in trouble before [*Id.*]. In his request for relief, Plaintiff states that he wants the jail officials to take action and states that he and others are being discriminated against for their race, color, religion, and for "the case they have as inmates" [*Id.* at 5]. Plaintiff therefore seeks one million dollars and states that he would love to have citizenship [*Id.*].

## III.     Legal Analysis

Plaintiff's allegations do not allow the Court to plausibly infer that Defendant has discriminated against Plaintiff or violated his constitutional rights in any way. The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, a plaintiff must show that he was intentionally discriminated against based on his membership in a suspect class. *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Booher v. U.S. Postal Serv.*, 843 F.2d 943, 944 (6th Cir. 1988) (a plaintiff must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim"). Also, the plaintiff must prove that he was treated differently from those who are similarly situated to him. *Washington*, 426 U.S. at 270 n.21.

While Plaintiff generally alleges that Defendant discriminated against him and others,[1] the specific factual allegations do not support this conclusory allegation or any plausible inference of discrimination. First, it appears from the specific statements in the complaint that

---

[1] Plaintiff cannot assert the rights of other prisoners. *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners"). Thus, any such claims fail to state a claim upon which relief may be granted and will be **DISMISSED**.

3

the alleged mistreatment by Defendant resulted from one of Plaintiff's cellmates getting into an argument with Defendant, rather than any suspect classification. Even if the Court liberally construes Plaintiff's complaint as alleging that Plaintiff and his cellmates were members of a suspect class and that the alleged mistreatment resulted from that classification, however, Plaintiff only alleges that Defendant verbally harassed him and his cellmates. This is insufficient to allege a violation of Plaintiff's constitutional rights. *Jones v. Porter*, No. 99-1326, 2000 WL 572059, at *2 (6th Cir. 2000) (citing *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987)) (holding that verbal harassment and idle threats are insufficient to establish an equal protection claim, as they do not rise to the level of a constitutional violation).

## IV. Conclusion

For the reasons set forth above, even liberally construing the complaint in favor Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

To the extent that Plaintiff is an inmate in the Hamilton County Jail,[2] he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, TN 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28

---

[2] Plaintiff's complaint states that he is incarcerated in the Hamilton County Jail [Doc. 1 p. 2]. The current address listed in Plaintiff's complaint [Doc. 2 p. 3] appears to be a private address rather than the Hamilton County Jail address, however. Accordingly, if Plaintiff is not incarcerated, he should not to be assessed the filing fee.

U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Hamilton County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee, to the extent that Plaintiff is incarcerated as set forth above. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE